# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

| | | |
|---|---|---|
| James A. McKenney<br>Phone: 646-870-1742<br>Fax:    646-233-1916<br>jmckenney@morrisonmahoney.com | WALL STREET PLAZA<br>88 PINE STREET, SUITE 1900<br>NEW YORK, NY 10271<br>212-825-1212 | MASSACHUSETTS  NEW HAMPSHIRE<br>BOSTON            MANCHESTER<br>FALL RIVER<br>SPRINGFIELD       NEW JERSEY<br>WORCESTER         PARSIPPANY<br><br>CONNECTICUT       NEW YORK<br>HARTFORD          NEW YORK<br>STAMFORD<br>                  RHODE ISLAND<br>ENGLAND           PROVIDENCE<br>LONDON |

July 8, 2020

**VIA ECF**
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re**:    **Allstate Insurance Company, et al. v. Svetlana Khotenok, et al.**
        **Docket No. 1:18-cv-05650 (FB) (RER)**

Dear Judge Reyes:

We represent Plaintiffs in the above-referenced matter.  We write pursuant Rule 30(b)(4), to respectfully request an order amending the Case Management Plan (ECF No. 63) *as amended* by Docket Order entered March 20, 2020, to permit the parties to notice party depositions and subpoena non-party depositions to be taken by remote means.  Since the Court granted the parties motion to extend the discovery deadlines in this matter, (ECF No. 90, *granted by* Docket Order entered March 20, 2020), the parties have continued to diligently proceed with party and non-party document discovery to the extent practical given the limitations placed on all concerned by the ongoing pandemic and Governor Cuomo's work from home order.[1]  Once party document discovery is complete and Plaintiffs receive documents from numerous non-parties in response to pending document subpoenas, the parties anticipate proceeding with party and non-party depositions.  However, in light of the ongoing concerns and guidelines regarding social distancing, and the continuing risk of infection posed by COVID-19, taking in-person depositions is impractical for the foreseeable future.  An order permitting all party and non-party depositions noticed and/or subpoenaed to be taken by remote means would ensure the health and safety of all participants, while allowing discovery in this matter to proceed and avoid possible motion practice concerning where and how the depositions will be taken.  If the notice or subpoena does not indicate that the deposition is to be conducted by remote means, the noticing party shall be deemed to have stated their preference to conduct the deposition in-person, provided it is safe to do so,

---

[1] To date, Plaintiffs have exchanged more than 400,000 pages of documents with Mirvis, and have issued no less than fifty (50) non-party document subpoenas to various healthcare practices, accountants, financial institutions and collection firms.  Plaintiffs have also filed two miscellaneous actions in the Southern District of New York to compel compliance with document subpoenas issued in this action. *See Allstate Ins. Co. et al. v. Vlad Tsirkin & Co. LLC*, 20-mc-204 (RA) (S.D.N.Y., filed May 5, 2020) and *Allstate Ins. Co. et al. v. 2753 Coney Island Avenue Corp.*, 20-mc-231 (VEC) (S.D.N.Y., filed June 16, 2020).

**MORRISON MAHONEY LLP**

Hon. Ramon E. Reyes, Jr.
July 8, 2020
Page 2

there are no reasonable objections based on health related issues or concerns and an in-person deposition would be in accordance with existing court rules, CDC and/or federal, state and local guidances and executive orders.

      Plaintiffs have sought consent from counsel for Mark Mirvis, the only remaining active defendant in this action, and counsel has advised that they object to Plaintiffs' request with respect to party depositions. As for non-party depositions, Defendants do not object to Plaintiffs' request.

      Accordingly, Plaintiffs respectfully request an order amending the Case Management Plan to permit the parties to issue party deposition notices and non-party deposition subpoenas that specify depositions will be taken by remote means by Zoom or some other means of videoconferencing.[2] *See e.g. Sinceno v. Riverside Church in City of New York,* 18-CV-2156 (LJL), 2020 WL 1302053 (S.D.N.Y. Mar. 18, 2020) (directing all depositions in action be taken "via telephone, videoconference, or other remote means.").

      We thank the Court for its consideration of this request.

      Respectfully submitted,

      Morrison Mahoney, LLP

      By:  /s/ James A. McKenney
           James A. McKenney

cc: All Counsel (Via ECF)

---

[2] By making this request, Plaintiffs do not seek to alter the rights afforded and obligations imposed by Rule 30(b)(3) concerning the method of recording party and non-party depositions.