# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

WALL STREET PLAZA
88 PINE STREET, SUITE 1900
NEW YORK, NY 10005
212-825-1212

Lee Pinzow
Phone: 646-870-1745
Fax:    646-779-6889
lpinzow@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
BRIDGEPORT
HARTFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

October 17, 2021

**VIA ECF**
Hon. Frederic Block
United States District Judge
United States District Court E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re**:   **Allstate Ins. Co., et al. v. Svetlana Khotenok, et al., 18-cv-05650 (FB) (RER)**

Dear Judge Block:

We represent Plaintiffs in the above-referenced matter and write, pursuant to Rule 2.A. of the Court's Individual Motion and Practices Rules, to request a pre-motion conference for permission to file a motion seeking to dismiss the action against Defendant Mark Mirvis ("Mirvis") without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

By way of brief background, this action alleges, in relevant part, that Mirvis, and others (collectively referred to in the Complaint as "Controllers") stole hundreds of thousands of dollars from the Plaintiffs via the submission of fraudulent insurance claims for purported healthcare services. In particular, the Controllers (laypersons not licensed to practice healthcare in the State of New York) orchestrated the fraud with the assistance, participation and agreement of Defendant Doctors Grace Maisel, Suhel Ahmed, and Shaikh Ahmed, whereby the Controllers purchased and/or otherwise were permitted to use the names and licenses of the Defendant Doctors to fraudulently incorporate and/or otherwise own, control, and operate professional corporations (the "Fraudulently Incorporated PCs") in violation of violation of New York State law.[1]  To date, this action has been resolved with all Defendants, 16 in all, who have appeared with the exception of Mirvis.[2] Throughout the course of this litigation, Plaintiffs obtained and produced significant discovery through both settled-parties and non-parties, exceeding 375,000 pages of materials, all of which support the Complaint's allegations. Conversely, Mirvis' participation thus far has been minimal. While he has produced 314 pages of material to Plaintiffs, and served a single set of document and interrogatory demands, he has not pursued any non-party discovery, has not conducted any depositions, has not made any motions, nor has he opposed any motions made concerning non-party discovery, likely incurring minimal expense thus far defending this action.

---

[1] The Complaint also alleges that the Controllers orchestrated an illegal referral scheme, through which doctors at the Fraudulently Incorporated PCs steered patients to other medical providers pursuant to a protocol of treatment.

[2] Throughout the course of this action, Plaintiffs have also settled with 11 additional non-party medical providers, uncovered through discovery, who were operating at the same fraudulent clinic location alleged in the Complaint.
100684562

**MORRISON MAHONEY LLP**

Hon. Frederic Block
October 17, 2021
Page 2

With the matter resolved against all other defendants and prior to any party depositions, Plaintiffs reached out to counsel for Mirvis in an attempt to resolve this action. The parties engaged in substantive settlement negotiations but could not come to a final agreement. Accordingly, on October 14, 2021, the parties appeared at a settlement conference before the Honorable Ramon E. Reyes, Jr. which was requested by Plaintiffs, but still could not reach a resolution.[3] With a settlement not within reach, and absent the relief requested herein, discovery will proceed with significant additional party and non-party document production, and motion practice, including two hearings concerning certain non-parties' failure to comply with subpoenas. Subsequent to that discovery, there will be additional party and non-party depositions and further anticipated motion practice, all of which by Court Order must occur within the next ninety (90) days. *See* Order dated October 14, 2021.

In connection with a completely separate litigation that concerns a separate fraudulent scheme, separate medical practices and during a separate timeframe, captioned *Allstate Ins. Co., et al. v. Mirvis, et al.*, 08-cv-4405(PKC)(PK), Plaintiffs have obtained a $45 million dollar judgment against Mirvis, alleging, similar to here, that Mirvis and other laypersons stole millions of dollars from Plaintiffs through fraudulently incorporated PCs. Mirvis defaulted in that matter, Judgement was entered on May 5, 2015, and since that entry, significant collection efforts have been ongoing, including but not limited to restraints on Mirvis' bank accounts, turnover of fraudulently conveyed funds from family member bank accounts, and the reversal of an intra-family fraudulent conveyance of Mirvis' real property.

In light of the substantial time, expense and resources that will be expended continuing solely against Mirvis, and the already existing $45 million dollar judgment against him, dismissal of the action without prejudice is appropriate to avoid any further expenditure of judicial and party resources. In that regard, "there is a presumption in this circuit that generally motions to dismiss claims without prejudice should be granted." *Ascentive, LLC v. Op. Corp.*, 10-CV-4433 (ILG)(SMG), 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012). There are two standards when deciding such motions: (i) "whether the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit;" *RQ Innovations, Inc. v. Carson Optical, Inc.*, 19-CV-3886(RPK)(RER), 2021 WL 1075185, at *2 (E.D.N.Y. Feb. 4, 2021); and (ii) whether five non-dispositive factors (the *Zagano* factors) weigh in favor of dismissal. *Id.* These are "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli v. Grimes,* 436 F.3d 120, 123 (2d Cir. 2006).

All of the foregoing factors support dismissing Defendant Mirvis without prejudice. First, plain legal prejudice occurs when the dismissal would prevent a defendant who "is ready to pursue a claim against the plaintiff in the same action that the plaintiff is seeking to have dismissed" from

---

[3]  At this conference, counsel for Mirvis raised the potential of filing a counterclaim in this action. However, Defendant has never asserted one, or even expressed an intention to do so, during the three years this litigation has been pending. Furthermore, prior to the settlement conference and before Plaintiffs learned that Mirvis might attempt to file a much delayed counterclaim, for the reasons discussed herein, Plaintiffs had already considered filing this motion in the event a settlement was not reached with Mirvis.

100684562

**MORRISON MAHONEY LLP**

Hon. Frederic Block
October 17, 2021
Page 3

bringing that claim. *Ascentive, LLC,* 2012 WL 1569573, at *2. Here, Mirvis did not allege any counterclaims in his Answer, nor sought any affirmative relief against Plaintiffs, and therefore has not and cannot suffer plain legal prejudice. *See, e.g. Rhoden v. Mittal,* 18-CV-6613(LDH)(SJB), 2020 WL 8620716, at *3 (E.D.N.Y. Oct. 26, 2020). While, for the first time at the settlement conference, counsel for Mirvis raised the prospect of filing a motion for leave to assert a counterclaim, as noted by the Magistrate Judge at the conference, such a claim is extraordinarily late, three years after the action was commenced, and Mirvis would have to overcome a very high burden to have any such motion granted. In any event, no counterclaim has been asserted at this time. Granting Plaintiffs' proposed motion to dismiss would not prejudice Mirvis – a dismissal here would not prevent Mirvis from bringing a separate action against Allstate if he chooses to do so, but the expense and any corresponding risk of dismissal would be the result of his own choice.

Next, all of the *Zagano* factors weigh in favor of dismissal. First, Plaintiffs have been diligent in bringing this motion, making the application virtually immediately following the breakdown of settlement discussions, including a settlement conference before the Magistrate Judge.[4] Second, there is no evidence of any vexatiousness on the part of Plaintiffs.[5] To the contrary, this matter was brought by Plaintiffs in good faith, settled with all other appearing defendants and numerous non-parties, and a settlement with Mirvis was vigorously pursued. Dismissing now against Mirvis is a logical and resource-efficient choice given the changed settlement circumstances and the existence of the prior judgment against Mirvis with ongoing enforcement issues. Third, the extent to which the suit has progressed is balanced by the resources already expended by the defendant. *See Ascentive, LLC,* 2012 WL 1569573, at *2. Here, Mirvis has expended virtually no resources litigating this matter, but going forward, is faced with the completion of document discovery, party depositions, non-party discovery, motion practice, expert discovery and possibly trial, all within a court-ordered expedited timeframe. In addition, since no pre-trial conference has been held, and no trial date has been set, the third *Zagano* factor weighs in favor if dismissal. *Id.* Fourth, the extent of possible duplicative expense of relitigation favors dismissal as well. Indeed, the "mere prospect of a second litigation" is not enough to deny dismissal. *Id.* at *6. If Plaintiffs were to re-file the same claims against Mirvis, he would be able to re-use any work product completed in this action in such future action. *Compare with Ascentive, LLC,* 2012 WL 1569573, at *6. Fifth and finally, the adequacy of a Plaintiffs' explanation for the need to dismiss is met where it is no longer in Plaintiffs' economic interests to proceed with its claims. *Id.* Given the substantial costs necessary to bring this matter to a conclusion, and the $45 million judgment against Mirvis that Plaintiffs are in the process of actively pursuing, it is simply not in Plaintiffs' economic interest to continue this matter against Mirvis alone now that all other Defendants have settled.[6]

---

[4] See *Jeungsando of Am., Inc. v. Jeung San Cham Shin Ahng,* 15-CV-6400(CBA)(VMS), 2018 WL 7076021, at *4 (E.D.N.Y. Dec. 6, 2018) (Diligence in measured by whether the motion is made "within a reasonable period of time after the occurrence of the event that led to the plaintiff[s'] decision not to pursue the action.).

[5] Vexatiousness occurs only "where there is no evidence to suggest that the case was brought to harass the defendant, or that a plaintiff had ill motive" and "where plaintiffs have assured the court and the defendants that they intend to pursue their claims prior to seeking a dismissal." *Jeungsando of Am., Inc,* 2018 WL 7076021, at *4.

[6] Indeed, notwithstanding that Plaintiffs already had a $45 million judgment against Mirvis, he was named in the suit because, he was an alleged controller of one or more of the fraudulently incorporated professional corporations and it

100684562

**MORRISON MAHONEY LLP**

Hon. Frederic Block
October 17, 2021
Page 4

In view of the foregoing, it is respectfully submitted that Plaintiffs are entitled to an order pursuant to FRCP 41(a)(2) dismissing Defendant Mark Mirvis from this action without prejudice, Plaintiffs respectfully request that the Court set a pre-motion conference on Plaintiffs' anticipated Motion to Dismiss, or in the alternative, set a briefing schedule on the motion.

We thank the Court for its consideration of this matter.

                                              Respectfully submitted,

                                              By: Morrison Mahoney, LLP

                                                /s/ Lee Pinzow      .
                                                Lee Pinzow

cc: All Counsel (Via ECF)

---

is easier to obtain necessary discovery from a party than a non-party. Had all of the other defendants not settled, Plaintiffs would not be seeking to dismiss its claims against Mirvis. With the party and non-party settlements that have been concluded, and the substantial expenses and judicial resources still to come, dismissal is appropriate.
100684562