**GTPC** G ARY T SIRELMAN P.C.

A TTORNEYS & C OUNSELORS AT L AW

129 L IVINGSTON S TREET
S ECOND & T HIRD F LOORS
B ROOKLYN , NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

10/21/2021

BY ECF
Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Allstate Insurance Company, et al., v. Svetlana Khotenok, et al*, 18-cv-5650 (FB)(RER); **Opposition to Motion for a Premotion Conference**

Dear Justice Reyes:

    I write on behalf of Defendant Mark Mirvis to oppose Plaintiffs' motion for a pre-motion conference to dismiss the case without prejudice pursuant to Federal Rule 41(a)(2).

    Plaintiffs brought the instant suit against Defendant Mark Mirvis and over a dozen additional Defendants over three years ago. ECF No. 1. Since that time, the parties have exchanged and responded to discovery demands and, at Plaintiffs' insistence, engaged in significant third-party discovery. Counsel for Mirvis has reviewed tens of thousands of pages of documents produced by third parties pursuant to Plaintiffs' subpoenas and appeared and prepared for more than ten third-party depositions scheduled by Plaintiffs. Plaintiffs now, after three years, request that the court dismiss the complaint without prejudice because they feel that it is not economically viable because they have a $45 million judgment against Mr. Mirvis filed in 2015 in an unrelated case.[1] Mr. Mirvis opposes Plaintiffs' request to dismiss the Complaint without prejudice because he and his counsel have expended significant resources in defending this suit and ought not have the threat of relitigation of Plaintiffs' spurious claims hanging over Mr. Mirvis's head. Plaintiffs are in any event not entitled to dismissal pursuant to Federal Rule 41(a)(2).

    Courts in the Second Circuit consider the following factors when determining a motion to dismiss under Federal Rule 41(a)(2): "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial;

---

[1] That case is *Allstate Ins. Co., et al. v. Mirvis*, et al., 08-cv-4405(PKC)(PK).

-page 1-

the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Plaintiffs will not be able to show that the factors outlined in *Zagano* weigh in favor of dismissal because they have been dilatory in bringing the instant motion, they filed this suit against Mirvis to harass him for his inability to pay pursuant to a $45 million judgment in an unrelated case, Mr. Mirvis and his counsel have expended significant resources in this matter to nearly the end of fact discovery, and Plaintiffs state no reasons for the dismissal now that were not true when they filed this suit against Mr. Mirvis. Curiously, Plaintiffs have requested from this Court (with the consent of the Mr. Mirvis) to extend discovery not once but numerous times when Mr. Mirvis was the only Defendant left. Mere days after Court has ordered the parties to complete discovery within 90 days, Plaintiffs file this motion to dismiss the case.

Although Plaintiffs claim they have been diligent in bringing the proposed motion for voluntary dismissal, the explanation of their need for a dismissal they proffer to fulfill the final *Zagano* factor demonstrates that they are instead tardy in seeking dismissal. Plaintiffs argue that "it is no longer in Plaintiffs' economic interests to proceed" with this case because all the other Defendants have settled and Plaintiffs have a $45 million judgment against Mirvis in a prior case. ECF No. 129 at 3. As the Court is no doubt aware, the other Defendants had all settled as of December 22, 2020, when Judge Block so-ordered the stipulations of dismissal concerning Defendants Shaikh Jauhar Ahmed, M.D. and Ahmed Medical Care, P.C. ECF No. 115. Furthermore, Plaintiffs secured the $45 million judgment against Mr. Mirvis in 2015, three years before filing the instant suit. Nowhere do Plaintiffs explain how it was in their economic interests to pursue this case the past ten months since the other Defendants settled, let alone why seeking a comparatively paltry judgment against Mr. Mirvis in this matter was in their economic interests when they already had secured a $45 million judgment against him three years prior to filing this action. If Plaintiffs' explanations for their need to dismiss without prejudice now are valid, then Plaintiffs have not been diligent in bringing the motion because they have waited months or years to seek dismissal. Plaintiffs' explanation that pursuing this case against Mr. Mirvis is only now not in their economic interests holds little water for the same reasons – if the $45 million judgment against Mirvis makes this case against Mr. Mirvis pointless now, it had always made this case against Mr. Mirvis pointless[2]. Plaintiffs therefore will not be able to establish either the first or fifth *Zagano* factors weigh in their favor.

The second *Zagano* factor also weighs against Plaintiffs because this case was clearly brought as an attempt to pressure and harass Mr. Mirvis to settle to $45

---

[2] Although Mr. Mirvis cannot disclose confidential settlement discussions, Mr. Mirvis has related the arguments he makes in this opposition to counsel for Plaintiffs for years, yet Plaintiffonly now asks to dismiss this case.

million judgment Plaintiffs secured against him in 2015. After three years of extensive discovery, Plaintiffs have neither presented nor gathered any evidence supporting their claims against Mr. Mirvis in the Complaint. Plaintiffs included Mr. Mirvis as a Defendant in this suit not because they had evidence he had any ownership or control over any professional corporation defendant but rather because they knew that serving him with an additional RICO suit that included more than a dozen co-Defendants, not including 40 John Does and ABC Corporations whom Plaintiffs have never identified or attempted to include in an amended complaint, would put Mr. Mirvis under incredible financial pressure. Plaintiffs hoped that Mr. Mirvis would succumb to the pressure and settle the judgment against him on Plaintiffs' terms. Because Plaintiffs brought this suit solely to pressure Mr. Mirvis into settling an unrelated matter, the second *Zagano* factor weighs against dismissal without prejudice.

The third *Zagano* factor weighs against dismissal because this suit has extended for three years and is near the close of fact discovery. The parties have expended significant time and money on this matter, including the exchange and review of thousands of pages of discovery materials and numerous third-party depositions. Plaintiffs now balk at expending resources to finish discovery, conduct motion practice, and try the case when they both have little evidence supporting their allegations against Mr. Mirvis and have failed in their efforts to pressure Mr. Mirvis into settling the $45 million judgment against him. The state of the case and the resources expended by the parties thus weigh against dismissal under Federal Rule 41(a)(2).

For the foregoing reasons, the Court should not allow Plaintiffs dismiss this case without prejudice when they brought it for vexatious reasons against Mr. Mirvis and forced him and counsel to spend a time and money on defense. The Court should deny Plaintiffs' request.

Thank you for your consideration of this letter.

Cc: All Counsel via ECF

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
*Counsel for Parties Named Herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201