UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 18-CV-5650 (FB) (RER)

———————————

ALLSTATE INSURANCE COMPANY, ET AL.,

Plaintiffs,

VERSUS

KHOTENOK, ET AL.,

Defendants.

———————————

**REPORT & RECOMMENDATION**

March 29, 2022

———————————

**TO THE HONORABLE FREDERIC BLOCK
SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

    Allstate Insurance Company, Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company ("Allstate" or "Plaintiffs") commenced this action on October 10, 2018, against more than one dozen defendants, including Mark Mirvis ("Mirvis" or "Defendant") alleging that they participated in a complex scheme of fraudulently billing for medical claims under New York's No Fault system through the creation of fraudulent professional corporations, and a related kickback scheme with other healthcare providers, in violation of the United States Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, 1962(c), 1962(d) and 1964(c); and New York common law. (ECF No. 1 ("Compl.")). Allstate has resolved its claims against all other defendants, and only Mirvis

1

remains. (ECF No. 135-1 ("Pl.'s Mem.") at 1). Currently before the Court is Allstate's motion to voluntarily dismiss its claims against Mirvis without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (ECF No. 135 ("Pl.'s Mot.")), which Your Honor has referred to me for a report and recommendation (ECF order dated 10/18/2021).

After carefully reviewing the record and for the reasons set forth herein, I respectfully recommend that the motion be granted and that Allstate's claims against Mirvis be dismissed without prejudice.

## BACKGROUND

This action has been pending for over three years, and the parties have extensive history between them, so only the relevant history will be summarized here.

Plaintiffs commenced this action on October 10, 2018, against ten individual defendants, including Mirvis; nine corporate defendants; and John Doe and ABC Corp. defendants. (Compl. at 1). Mirvis answered the complaint on December 28, 2018, setting forth denials and defenses, but no counterclaims. (ECF No. 36 ("Ans.")). The parties then began discovery, with numerous extensions and conferences, and discovery remains incomplete. No trial date has been set in this case, and no final pretrial conference has been held.

According to Allstate, Mirvis and the other defendants presided over a number of fraudulent enterprises operating out of 1552 Ralph Avenue in Brooklyn, New York (the "Ralph Avenue location"), that "systematically stole hundreds of thousands of dollars from automobile insurance companies, including Plaintiffs, through New York State's No-fault insurance system via the submission of fraudulent claims for medical services by" a number of fraudulently incorporated professional corporations. (Pl.'s Mem. at 5–6). Allstate alleges that several doctors were part of

the scheme, which involved an additional, related kickback scheme with other healthcare providers not owned or controlled by Mirvis and the other defendants. (*Id.*).

After all other defendants defaulted or settled, Mirvis became the sole defendant in this case in mid-2020. (Pl.'s Mem. at 1; (ECF No. 93 ("7/15/20 Conference Transcript") 2:3)). Allstate has continuously pushed for a settlement, and the parties remained in settlement talks to some degree throughout most of the course of the litigation. (Pl.'s Mot. at 2–3; *see also* ECF No. 136-1 ("Bowers Dec.") ¶ 10 ("The parties have discussed potential settlement since the inception of the case and have been unable to reach a settlement. This process culminated in Plaintiffs' request for a settlement conference with the Court over Mr. Mirvis's objections.")). According to Mirvis, settlement negotiations were complicated by a previous, unrelated case between Allstate and Mirvis, *Allstate Ins. Co., et al. v. Mark Mirvis, et al.*, 08-CV-4405 (PKC) (PK) (E.D.N.Y.), in which Allstate secured a $45 million judgment against Mirvis for a separate RICO/fraud scheme. Allstate is still working to collect on that judgment. (*see, e.g.* ECF No. 120 ("8/26/20 Conference Transcript") at 10:4–8 ("my understanding of my client's perspective is, that's what's -- as I've said to the Court before, that's what's holding up any sort of real settlement is, my client wants to settle both cases" at once); *see also* Def.'s Mem. at 1; Pl.'s Mem. at 1, 7). In August 2021, Allstate requested a settlement conference with Mirvis, which took place on October 14, 2021. (ECF No. 126, 10/14/2021 Minute Entry). The case was not settled and, according to Allstate, this conference made it clear that a settlement would not be possible, leading Allstate to move for dismissal of its claims against Mirvis three days later. (Pl.'s Mem. at 3).

## **DISCUSSION**

I. <u>Legal Standard</u>

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Whether to grant such a dismissal is "within the Court's sound discretion." *RQ Innovations, Inc. v. Carson Optical, Inc.*, No. 19-CV-3886 (RPK) (RER), 2021 WL 1075185, at *2 (E.D.N.Y. Feb. 4, 2021), *adopted by* 2021 WL 1062419 (Mar. 18, 2021) (citing *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001)). While voluntary dismissal is not a matter a right, "there is a presumption that motions to voluntarily dismiss claims without prejudice should be granted." *Id*. at *2 (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)) (collecting cases); *see also Rhoden v. Mittal*, No. 18-CV-6613 (LDH) (SJB), 2020 WL 8620716, at *2 (E.D.N.Y. Oct. 26, 2020), (quoting *Ascentive, LLC v. Op. Corp.*, No. 10-CV-4433, 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012)) ("[a]lthough voluntary dismissal without prejudice is not a matter of right, there is a presumption . . . that generally motions to dismiss claims without prejudice should be granted.") *adopted by* 2021 WL 857396 (Feb. 23, 2021).

The Second Circuit has developed two lines of authority in determining whether a dismissal without prejudice under Rule 41 is proper. *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). The first "indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id*. (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir.2006)). The second looks to the *Zagano* factors, which are "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the

4

plaintiff's explanation for the need to dismiss." *Camilli*, 436 F.3d at 123 (citing *Zagano*, 900 F.2d at 14). The *Zagano* factors "are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan*, 634 F.3d at 230.

As discussed below, Rule 41 dismissal without prejudice is proper here under both standards.

## II. Dismissal Without Prejudice Is Proper

Allstate moves to dismiss its claims against Mirvis because, it argues, it is no longer economically in Allstate's best interests to continue with the present litigation as all other defendants having settled or defaulted, and it is in the process of trying to collect its previous judgment from Mirvis, which he will likely not be able to satisfy. (Pl.'s Mot. at 1). Mirvis opposes the motion, arguing that he would suffer prejudice if he could not continue the case by taking depositions that might lead to a counterclaim of malicious prosecution against Allstate, and that the case is too far along to dismiss without prejudice. (Def.'s Mem. at 4–5). For the reasons set forth below, I find that dismissal without prejudice is proper.

### A. Mirvis Would Not Suffer Legal Prejudice

The threat of relitigating an action does not constitute legal prejudice. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("The United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice."). "Some examples of legal prejudice that might support denying the motion are: 'the loss of a federal forum, the loss of jury trial rights, the loss of statute-of-limitations defense, or the inability to conduct sufficient discovery to mount an adequate defense.'" *Gov't Emps. Ins. Co. v. Hazel*, No. 11-CV-00410 (CBA) (VMS), 2014 WL 4628655, at *22 (E.D.N.Y. Aug. 11, 2014) (quoting *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir.1996)), *adopted by* 2014 WL 4628661 (Sept. 15, 2014).

Mirvis argues that "[s]hould the Court dismiss the instant suit without prejudice, [he] would lose the ability to pursue a claim for malicious prosecution against Plaintiffs, the loss of such a right constitutes clear legal prejudice." (Def.'s Mem. at 5). However, the Second Circuit has made clear that "a defendant's lost opportunity to retaliate against a plaintiff by suing for malicious prosecution" does not constitute plain legal prejudice to warrant denial of a Rule 41(a)(2) motion. *Camilli*, 436 F.3d at 124. Mirvis insists that his case is "on all fours" with *Selas Corp. of Am. v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (E.D. Pa. 1972), (Def.'s Mem. at 6); however, the case at bar case is factually distinct, and *Camilli*, not *Selas*, controls. *Camilli* specifically addresses *Selas*, and notes the *Selas* court "explicitly limited its decision to the facts of the case, emphasizing that the party resisting the dismissal without prejudice was 'at most a peripheral defendant,' who had 'been put to considerable inconvenience and expense as a result of being forced to defend himself[.]'" *Camilli*, 436 F.3d at 125 (quoting *Selas*, 57 F.R.D. at 6). Here, Mirvis is a central figure in the case, alleged to be at the center of the RICO conspiracy perpetrating the alleged fraud. (*See, e.g.,* Compl. ¶¶ 1, 9, 10, 13, 25–27, 32, 33, 69, 74, 75, 91–95, 154, 155, 182–186; ECF No. 137 ("Pl.'s Reply") at 6).

In addition, Mirvis does not offer any factual basis to support his proposed claim, arguing that he would need to depose Allstate to gather those facts. (Def.'s Mem. at 7–8). However, Mirvis has had ample time to depose Allstate and has not, and during our conferences repeatedly said that he was moving towards settlement, and not towards bringing counterclaims (*see, e.g.*, ECF No. 120 ("8/26/20 Conference Transcript") at 10:4–8 ), only bringing up a potential claim in response to the present motion (ECF No. 132 ("11/30/21 Conference Transcript") 13:7–8 ("I believe I'll find a smoking gun and then we won't settle.")). I find Mirvis's position regarding his proposed malicious prosecution claim unconvincing and unsupported, which weighs against a finding of plain legal prejudice. *See Gov't Emps. Ins. Co.*, 2014 WL 4628655, at *22 ("However, insofar as

6

I found above that [defendant] has not pleaded sufficient facts to support his proposed counterclaims, this argument falls flat.").

Further, as discussed below, Mirvis has not been put to considerable inconvenience in this litigation. As such, Mirvis does not face any legal prejudice from a dismissal without prejudice.

### B. The *Zagano* Factors Weigh in Allstate's Favor

#### 1. Plaintiffs' Diligence in Bringing the Motion

While the length of time a suit has been pending is relevant to determining a plaintiff's diligence in bringing a motion to dismiss without prejudice, it is not dispositive. *RQ Innovations*, 2021 WL 1075185, at *3; *Shaw Fam. Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 Civ. 3939 (CM), 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008) ("the length of time an action has been pending is not a dispositive factor"). Instead, "Courts are more concerned with whether the plaintiff's efforts were 'geared towards an efficient resolution.'" *RQ Innovations*, 2021 WL 1075185, at *3 (quoting *U.S. Underwriters Ins. Co. v. United Pac. Assocs., LLC*, No. 05-CV-1012 (JFB) (KAM), 2006 WL 2038507, at *2 (E.D.N.Y. July 19, 2006)); *see also Rhoden*, 2020 WL 8620716, at *3 (citations omitted) ("the Court examines not only the length of time an action has been pending, but also whether the efforts of the party were geared toward an efficient resolution."). Courts in this circuit typically find that a plaintiff was diligent in bringing a Rule 41(a)(2) motion when they bring the motion within a reasonable amount of time after an event that led to their decision to stop pursuing the action. *RQ Innovations*, 2021 WL 1075185, at *3; *Gov't Emps. Ins. Co.*, 2014 WL 4628655, at *23 (Aug. 11, 2014); *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 355 (E.D.N.Y. 2002) ("plaintiffs were diligent in bringing their motion to dismiss the action without prejudice because they filed it immediately after the events that led to their decision not to pursue the action at this time").

7

Here, Allstate argues that its motion was brought with diligence because "Plaintiffs sought to make this Motion following the resolution with all other defendants, and three days after the October 14, 2021 settlement conference with Your Honor revealed that a settlement with Defendant Mirvis would not be reached." (Pl.'s Mot. at 13). Mirvis, meanwhile, argues Allstate was not diligent bringing the motion because the case has been pending for years (Def.'s Mot. at 8), and because the parties' failure to reach a settlement at the October settlement conference was not a qualifying event, as "the only change in the settlement discussions were that the parties failed to reach a settlement at a Court conference Plaintiffs requested over Mr. Mirvis's opposition." (*Id*.).

Although Allstate brought this case more than three years ago, there is ample evidence that it has been working towards resolution the whole time, and I see no evidence of unnecessary delay in its conduct. Indeed, Allstate worked diligently to move the case along in its early stages, settling with numerous defendants (*see, e.g.*, ECF Nos. 71, 72, 87), meeting early discovery deadlines (*see, e.g.,* ECF No. 81 ("6/27/19 Conference Transcript") 2:19–25), and ultimately resolving the case as to every defendant but Mirvis by mid-2020 (7/15/20 Conference Transcript 2:3). Discovery appeared to slow somewhat after that, but Allstate continued to show a commitment to moving it along, for example by making several motions to compel non-parties to respond to subpoenas. (ECF Nos. 96–97; 99–100). Further, Mirvis caused part of the delay, including with his objection to conducting depositions remotely due to the Covid-19 global pandemic and his parallel request to be deposed last, after all non-parties had been deposed. (*See generally* 7/15/20 Conference Transcript; *see also* 11/30/21 Conference Transcript 8:3–6 ("So much of the time since [December 2020] has been time that was unrelated to Mirvis' claims or times when Mr. Mirvis' attorney claims that he could not actively participate because of COVID issues.")).

It is also clear that once Allstate realized at the October 14, 2021 settlement conference that Mirvis would not settle, and that pursuing the case against Mirvis no longer made economic sense,

8

Allstate brought the motion to dismiss Mirvis within a matter of days. This shows diligence. *Shaw Fam. Archives, Ltd.*, 2008 WL 4127549, at *6 (internal citations omitted) ("Even where litigation has been pending for four years, courts have not found that to be dispositive evidence that a party was not diligent. Because [plaintiff's] motion to dismiss was made shortly after a series of events that have made pursuit of the litigation far more difficult and inefficient, the Court finds that [plaintiff] acted diligently."); *see also Catanzano*, 277 F.3d at 110 (finding that "plaintiffs were not dilatory in bringing the motion" to dismiss without prejudice after twelve years when they "did so in order to facilitate an end to the litigation"); *Rhoden*, 2020 WL 8620716, at *3 (finding diligence when "the case has been pending for nearly two years, Defendants only appeared in January of this year, discovery has just begun, and no dispositive motions have been filed, much less adjudicated"); *Ascentive, LLC*, 2012 WL 1569573, at *4 (finding diligence when the plaintiff moved to dismiss once "it became clear that [the parties] would not be able to consummate a settlement."); *Hinfin Realty Corp.*, 206 F.R.D. at 355 ("The Court finds that the plaintiffs were diligent in bringing their motion to dismiss the action without prejudice because they filed it immediately after the events that led to their decision not to pursue the action at this time."). As such, I find that this factor weighs in Allstate's favor.

   2. Vexatiousness

"Vexatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill-motive." *Luis v. Marabella Pizza, LLC*, No. 18-CV-4052 (FB) (VMS), 2019 WL 4261946, at *3 (E.D.N.Y. Aug. 23, 2019) (citing *Paulino v. Taylor*, 320 F.R.D. 107, 110 (S.D.N.Y. 2017)), *adopted by* 2019 WL 4261616 (Sept. 9, 2019). Vexatiousness can be found "where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal" *Shaw Fam. Archives, Ltd.*, 2008 WL 4127549, at *6, or where

9

plaintiffs had "no intention of participating in discovery" *Rhoden*, 2020 WL 8620716, at *4. As discussed below, I see no evidence of vexatiousness by Allstate.

Allstate alleges that it brought the suit in good faith after finding ample evidence suggesting Mirvis was central to the insurance fraud, including payments to Mirvis and to shell companies Mirvis owned from healthcare practices at the Ralph Avenue address; payments by the same companies to Mirvis's business partner; and payments by Mirvis to management companies thought to be involved in the scheme. (Pl.'s Mot. at 15). Further, Allstate argues that "discovery supports Plaintiffs' allegations (and their good faith in asserting them) with respect to Defendant Mirvis' role in the fraudulent scheme" and that Mirvis admitted his ties to some of the practices submitting fraudulent claims to Allstate in response to interrogatories. (*Id.*) Mirvis alleges that Allstate has been vexatious, arguing that, "Plaintiffs appear to have brought this case against Mr. Mirvis at least in part to pressure him to reach a settlement regarding collecting on the judgment in the Prior Suit rather than to recover any additional money from Mr. Mirvis because, as Plaintiffs admit, Mr. Mirvis is unable to pay the $45 million judgment." (Def.'s Mem. at 10). I disagree with Mirvis.

It appears from the record that Allstate had a good-faith basis for bringing this suit and pursuing claims against Mirvis. Further, the record shows no indication that Allstate was attempting to harass Mirvis. Therefore, I find that this factor weighs in Allstate's favor. *See Marabella Pizza, LLC*, 2019 WL 4261946, at *3 (finding no vexatiousness when the record suggested the plaintiff brought his claims in good faith but chose to discontinue them for a valid reason); *Shaw Fam. Archives, Ltd.*, 2008 WL 4127549, at *7 (finding no vexatiousness when plaintiff moved to dismiss its claims "as soon as pursuing them became unfeasible").

   3. Extent to Which Suit has Progressed

"The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion

10

practice, or trial preparation has occurred." *Paulino*, 320 F.R.D. at 111 (quoting *Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12 Civ. 2237, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013)). This factor and the fourth factor "generally 'weigh[ ] against dismissal without prejudice only if the case has progressed to an advanced stage, such as the eve of trial, or when discovery is complete and partial dispositive motions have been adjudicated.'" *Rhoden*, 2020 WL 8620716, at *3 (quoting *Rayburn v. CSX Transp., Inc.*, No. 17-CV-48, 2017 WL 4990631, at *4 (N.D.N.Y. Oct. 31, 2017) (alteration in original)).

Here, Allstate has produced more than 300,000 pages of document discovery (ECF No. 84 ("10/1/19 Conference Transcript") 2:20–21; Pl.'s Mem. at 7; Def.'s Mem. at 11); pursued dozens of subpoenas (10/1/19 Conference Transcript 2:22–24); and conducted at least two non-party depositions (Pl.'s Mot. at 17). Mirvis has turned over some 300 pages of document discovery (11/30/21 Conference Transcript 4:8; Pl.'s Mem. at 7) and his attorneys have spent at least 33 hours, perhaps more, working on this case. (*Compare* 11/30/21 Conference Transcript 4:15 ("33 hours") with Def.'s Mem. at 11 ("significant additional time" beyond those 33 hours)). The final pretrial conference has not occurred, and no trial date has been set. (*See* 02/22/2022 Order adjourning pretrial conference sin die).

Allstate argues that while it has produced discovery and the case has been ongoing for quite some time, "Mirvis' participation in the litigation has been minimal." (Pl.'s Mem. at 17). According to Allstate, while Mirvis has "engaged in a scant amount of initial discovery, he has not pursued any non-party discovery, has not conducted any depositions, has not made any motions, and has not opposed any motions made concerning non-party discovery, likely incurring minimal expense thus far defending this action." (*Id.*). Mirvis argues that he "has expended time and money defending this suit, and his attorneys have spent dozens of hours working the case." (Def.'s Mem. at 11). However, Mirvis does not give a detailed account of what discovery he has provided, any

11

depositions he has taken, or what motions he has made that might cause this factor to weigh in his favor. Instead, it appears from the record that Mirvis has not done a great deal of discovery in this case. As such, and because the case is far from being ready for trial, I find that this factor weighs in Allstate's favor. *See Ascentive, LLC*, 2012 WL 1569573, at *5 (finding that even though "the parties did engage in discovery with respect to [the plaintiff's] preliminary injunction motion, much discovery— including the taking of additional depositions—remains to be completed, no pre-trial conference has been held, and a trial date has yet to be set[,]" making dismissal warranted); *Gov't Emps. Ins. Co.*, 2014 WL 4628655, at *24 (finding dismissal warranted even after discovery had begun, including depositions and opposed motions, because "the Parties have not progressed to summary judgment or the eve of trial"); *Rhoden*, 2020 WL 8620716, at *3 (finding that this factor weighs in favor of dismissal when "the case has not progressed to the eve of resolution").

    4. Expense of Relitigation

The fourth factor, the expense of relitigation, generally weighs in a plaintiff's favor when relitigation is unlikely and the bulk of the work done in the current litigation would be able to be re-used in any subsequent litigation. *Gov't Emps. Ins. Co.*, 2014 WL 4628655, at *25 (finding this factor weighs in favor of the plaintiff when a future lawsuit was unlikely due to the defendant's inability to pay and "any discovery done to date will translate over into any new case."); *Marabella Pizza, LLC*, 2019 WL 4261946, at *3 (finding this factor to weigh inf favor of dismissal when the "discovery already conducted has not been extensive and would remain relevant in any future litigation").

Here, Mirvis argues that the cost of "[r]elitigating the claims against Mr. Mirvis would be high because of the age of the claims" but does not point to any authority to support this position. (Def.'s Mem. at 12). Allstate, meanwhile, argues that "in the unlikely event of relitigation, any expense would

12

not be significantly increased because the vast majority of Defendant Mirvis-related discovery could be reused in any subsequent lawsuit." (Pl's Mem. at 18).

Since any work already completed by Mirvis's attorneys on these claims could be reused in the event of relitigation, and since the chance of relitigation is very low, I find that this factor weighs in favor of dismissal. *See RQ Innovations*, 2021 WL 1075185, at *5 (finding that this factor weighs in favor of dismissal when the "[d]efendants will be able to use much of whatever work they have done in this action to defend against any subsequent action in the unlikely event that [the plaintiff] files another lawsuit against" them); *Ascentive, LLC*, 2012 WL 1569573, at *6 (finding that this factor weighs in favor of dismissal even in the face of large attorney's fees when the defendant would be able to reuse much of the work it completed in the event of relitigation).

   5. Adequacy of Plaintiffs' Reason for Dismissal

Allstate's stated reason for seeking to dismiss its claims against Mirvis is that due to its settlement with all other parties in this case and the previous judgment against Mirvis that it is still trying to enforce, "it is simply no longer in the best interests of Plaintiffs, non-party witnesses, experts, or the Court to continue to expend the time and money necessary to complete discovery and bring this matter to a judgment." (Pl.'s Mem. at 1). Mirvis argues that Allstate has "not adequately explained their reasons for seeking dismissal of this case without prejudice" because Allstate was already aware before filing the case that Mirvis could not pay any potential damages, and so its economic position has not changed. (Def.'s Mem. at 13). I find Allstate's explanation to be credible.

"Courts frequently conclude that economic considerations constitute a reasonable explanation for seeking dismissal without prejudice." *RQ Innovations*, 2021 WL 1075185, at *6. Such explanations have been found to weigh in favor of dismissal over arguments like Mirvis's that the most prudent course from an economic standpoint would have been to not file the case in the first

13

place. *See id*. (finding a plaintiff's economic reasons for dismissal credible over a defendant's argument that had plaintiff been "concerned about litigation costs, it would not have filed this frivolous action in the first instance"). Since Allstate has alleged a credible economic reason for dismissing its claims against Mirvis, I find that this factor weighs in favor of dismissal. *See Ascentive, LLC*, 2012 WL 1569573, at *6 (finding that this factor weighs in favor of dismissal when "it is no longer in [plaintiff's] economic interests to proceed with its claims"); *Hinfin Realty Corp.*, 206 F.R.D. at 357 (finding that this factor "weighs heavily in favor of" dismissal because "[e]conomic concerns, such as those raised by the plaintiff, almost always dictate the course of litigation"); *Gov't Emps. Ins. Co.*, 2014 WL 4628655, at *23 ("It is logical for [plaintiff] to seek to dismiss its claim if it believes that its prosecution would only lead to further litigation costs but no meaningful recovery"); *RQ Innovations*, 2021 WL 1075185, at *6.

\*\*\*

As Mirvis would not suffer legal prejudice from a dismissal without prejudice, and as all of the *Zagano* factors weigh in favor of dismissal, I respectfully recommend that Allstate's motion be granted, and that all of its claims against Mirvis be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Allstate's motion be granted and that its claims against Mirvis be dismissed without prejudice. Allstate's counsel is hereby directed to serve copies of this Report and Recommendation upon Mirvis by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Frederic Block within fourteen (14) days of receipt hereof. Failure to file timely objections waives

the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY SUBMITTED


Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge