UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,
ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY, AND
ALLSTATE PROPERTY & CASUALTY          Docket No.:
INSURANCE COMPANY,                    18-cv-5650(FB)(RER)

                            Plaintiffs,

     v.

SVETLANA KHOTENOK, et al.
                       Defendants.

**DEFENDANT MARK MIRVIS'S OBJECTIONS TO REPORT
AND RECOMMENDATIONS DATED MARCH 29, 2022**

Nicholas Bowers, Esq.
Gary Tsirelman, Esq.
Gary Tsirelman, P.C.
129 Livingston Street
2nd and 3rd Floors
Brooklyn, NY  11201
(718) 438-1200

TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................ii

INTRODUCTION ......................................................................................................... 1

FACTS AND BACKGROUND ..................................................................................... 1

ARGUMENT.................................................................................................................. 2

    I.    Legal Standards..................................................................................................... 2

    II.    A Dismissal Prior to Depositions of Plaintiffs' Witnesses Would Prejudice Mr. Mirvis... 4

    III.    The *Zagano* Factors Weigh Against Dismissal .................................................. 8

        A.    Plaintiffs Were Not Diligent in Bringing the Motion..................................... 8

        B.    Plaintiffs Have Been Unduly Vexatious................................................... 9

        C.    This Suit Has Extended to The Close of Fact Discovery ............................ 10

        D.    The Cost of Relitigation Would be High................................................. 11

        E.    Plaintiffs' Reasons for Dismissal Are Inadequate and Contradictory .......... 12

CONCLUSION............................................................................................................ 12

TABLE OF AUTHORITIES

**Cases**

*Baiul v. NBC Sports*, 708 F. App'x 710 (2d Cir. 2017) ........................................................... 3

*Broughton v. State of New York*, 37 N.Y.2d 451, *cert. denied*, 423 U.S. 929 (1975) ................. 4

*Camilli v. Grimes*, 436 F.3d 120 (2d Cir. 2006)............................................................... 3, 5, 7

*Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212 (1947).............................................. 3

*D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281 (2d Cir. 1996)...................................................... 3

*Deerbrook Ins. Co. v. Mirvis*, No. 20-1385, 2021 U.S. App. LEXIS 28299 (2d Cir. Sep. 20,

    2021) ....................................................................................................................... 9

*Graham v. Ferretti*, No. 14-CV-5815 (PKC), 2018 WL 1392344 (E.D.N.Y. Mar. 20, 2018)...... 3

*Harris v. Steinem*, 571 F.2d 119 (2d Cir. 1978) ................................................................... 5

*Jeungsando of Am., Inc. v. Jeung San Cham Shin Ahng*, 2018 U.S. Dist. LEXIS 207166,

    (E.D.N.Y. Dec. 6, 2018) report and recommendation adopted, 2019 U.S. Dist. LEXIS 21905,

    (E.D.N.Y. Feb. 11, 2019) ....................................................................................... 10

*Jones v. SEC*, 298 U.S. 1 (1936)........................................................................................ 3

*Kwan v. Schlein*, 634 F.3d 224 (2d Cir. 2011) .................................................................... 3

*O'Brien v. Alexander*, 101 F.3d 1479 (2d Cir. 1996) ............................................................ 4

*Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105 (2d Cir. 2018)........................................ 3

*Sizzler USA Restaurants, Inc. v. Belair & Evans LLP (In re Sizzler Restaurants Int'l, Inc.).*, 262

    B.R. 811 (Bankr. C.D. Cal. 2001................................................................................ 5

*Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990)…………………………………...passim.

**Rules**

Fed. R. Civ. P. 72(b)(3)...................................................................................................... 2

Fed. R. Civ. P. 41(a)(2)... …………………………………………………………………3

**Statutes**

28 U.S.C. § 636(b)(1) ........................................................................................................ 3

**Other Authority**

3 *Moore's Federal Practice* (2d ed. 1974)........................................................................ 5

INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(b)(2), Defendant Mark Mirvis respectfully submits the

following objections to Magistrate Judge Ramon Reyes's Report and Recommendations

("R&R"), dated March 29, 2022. ECF No. 138.

FACTS AND BACKGROUND

Plaintiffs filed this suit in October 2018. Plaintiffs allege that Mark Mirvis and co-

Defendants, including John Doe Defendants, jointly and secretly owned the medical practices

Performance Plus Medical P.C., Ahmed Medical Care, P.C., and A.R.A. Medical Care, P.C., in

contravention of New York laws forbidding laypeople from owning medical professional

corporations. The medical clinics treated patients injured in car accidents and subsequently billed

Plaintiffs and other insurance companies under New York's No-Fault automobile insurance laws

and regulations. Plaintiffs also allege that the Defendants engaged in schemes to receive payments

for referrals of No-Fault patients to other medical providers.

Prior to this suit, Plaintiffs secured a $45 million judgment against Mr. Mirvis in the

unrelated suit *Allstate Ins. Co., et al. v. Mark Mirvis*, et al., 08-cv-4405(PKC)(PK) (E.D.N.Y.) (the

"Prior Case") on default. Plaintiffs have pursued collecting on this judgment against Mr. Mirvis

ever since, including seizing his share of the interest in his family home and restraining Mr.

Mirvis's bank accounts.

Mr. Mirvis has participated in this suit since filing an answer in December of 2018. ECF

No. 36. Mr. Mirvis has made discovery requests to Plaintiffs, reviewed their responses, responded

to Plaintiffs' discovery demands, and reviewed the voluminous responses to Plaintiffs' subpoenas.

1

Plaintiffs have not sought any intervention from the Court related to Mr. Mirvis' discovery responses nor have Plaintiffs served any additional discovery demands on Mr. Mirvis. Plaintiffs and Mr. Mirvis have consistently agreed to delay depositions of each other until third-party discovery had ended and all documents received in third-party discovery had been exchanged to avoid unnecessarily duplicative depositions based on materials produced by third parties after the early deposition. The parties have not yet held depositions of each other.

Plaintiffs moved to dismiss this action more than three years after filing it, claiming that it is not in their economic interests to continue the suit against Mr. Mirvis because the other Defendants have settled with Plaintiffs and Mr. Mirvis is unable to pay the $45 million judgment against him, let alone the damages Plaintiffs seek in this suit. Plaintiffs' reasoning makes little sense because the judgment in the Prior Case predates this action and nothing significant has changed in Mr. Mirvis's circumstances since Plaintiffs filed this suit. Plaintiffs have not yet explained what, exactly, has changed economically for them or Mr. Mirvis to make pursuit of this case against him not economically viable. Plaintiffs' inability to adequately explain their reason for now seeking dismissal and avoiding party depositions is consistent with Mr. Mirvis's belief that they named him in this case to pressure him into settling with Plaintiffs regarding the unpaid judgment in the Prior Case. The Court ought to deny Plaintiffs' motion and allow Mr. Mirvis to depose Plaintiffs.

ARGUMENT

## I. Legal Standards

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or

modify, in whole or in part, the findings or recommendation made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Graham v. Ferretti*, No. 14-CV-5815 (PKC), 2018 WL 1392344, at *1 (E.D.N.Y. Mar. 20, 2018).

Dismissal at Plaintiffs' request under Federal Rule 41(a)(2) is not as of right and must be on terms "that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal is within the sound discretion of the trial court. *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). Rule 41 also "empowers the district court to either dismiss the case on its own terms or to deny a requested dismissal, if those terms are not met." *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108-09 (2d Cir. 2018). In the Second Circuit, "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The first line holds that "dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id*. at 123 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947), and citing *Jones v. SEC*, 298 U.S. 1, 19 (1936)). The second line of cases requires the consideration of: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. *Baiul v. NBC Sports*, 708 F. App'x 710, 713-14 (2d Cir. 2017) (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). The *Zagano* factors are "not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

Mr. Mirvis objects to Judge Reyes's Report and Recommendations because should they be adopted, Mr. Mirvis would be stripped of his ability to investigate Plaintiffs' reasons for bringing this suit. Specifically, should the Court dismiss this lawsuit without prejudice absent deposition of the Plaintiffs' representatives, the extent to which Plaintiffs included Mr. Mirvis as a Defendant as a tactic to pressure him to settle the judgment in the Prior Case. Furthermore, Plaintiffs fail to satisfy the *Zagano* factors for three main reasons. First, because Plaintiffs made the motion to dismiss only after years of litigation and when the case has progressed to the close of fact discovery. Second, the case was apparently initiated against Mr. Mirvis in part to pressure him to settle the judgment Plaintiffs secured in the Prior Case rather than for a legitimate purposes. Third, the Plaintiffs have admitted that they seek to dismiss this suit against Mr. Mirvis because the judgment against him far outstrips the damages in this matter, raising the question why Plaintiffs filed the suit against him in the first place. The Court ought therefore modify the Report and Recommendations of Judge Reyes to deny Plaintiffs' motion to dismiss.

## II. A Dismissal Prior to Depositions of Plaintiffs' Witnesses Would Prejudice Mr. Mirvis

Should the Court dismiss the instant suit without prejudice, Mr. Mirvis would lose the ability to pursue a claim for malicious prosecution against Plaintiffs, the loss of such a right constitutes clear legal prejudice. The *sine qua non* of a malicious prosecution claim in New York is that the original suit "terminates in failure or, in other words, terminates in favor of the [malicious prosecution claim's] plaintiff." *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996) (citing *Broughton v. State of New York*, 37 N.Y.2d 451, 457, *cert. denied*, 423 U.S. 929 (1975)). Malicious prosecution thus generally cannot be brought as a counterclaim when the allegedly malicious prosecution is the same action in which the counterclaim was filed. *Harris v.*

4

*Steinem*, 571 F.2d 119, 124 (2d Cir. 1978) (quoting 3 *Moore's Federal Practice* para. 13.13, at 13-308 (2d ed. 1974)). Although there is no rule that invoking the possibility of a malicious prosecution claim will defeat a motion to dismiss under Rule 41(a)(2), the Second Circuit has acknowledged that such a claim "ought not to be precluded without some justification" when considering a plaintiff's Rule 41(a)(2) motion. *Camilli v. Grimes*, 436 F.3d 120, 124 (2d Cir. 2006). Indeed, the Second Circuit in *Camilli* acknowledged two out-of-circuit denying motions to dismiss under Rule 41(a)(2) when the defendants raised the possibility of suits for malicious prosecution after lengthy cases in which the plaintiffs settled with other defendants before seeking dismissal without prejudice against the final defendant. *See Id*. (citing *Selas Corp. v. Wilshire Oil Co.*, 57 F.R.D. 3, 6 (E.D. Pa. 1972); *Sizzler USA Restaurants, Inc. v. Belair & Evans LLP (In re Sizzler Restaurants Int'l, Inc.)*., 262 B.R. 811, 821 (Bankr. C.D. Cal. 2001)). Although the Second Circuit in *Camilli* upheld the lower court's dismissal of the case without prejudice, the decision does not set forth a bright line rule that a party cannot claim the loss of its ability to pursue a counterclaim or subsequent claim for malicious prosecution as prejudicial when opposing plaintiff's Rule 41(a)(2) motion to dismiss without prejudice. Nor did the Second Circuit reject the reasoning in *Selas*. The *Camilli* decision, like the *Selas* decision, is based on the facts at bar. In *Camilli,* the Second Circuit found that allowing the case to continue after fourteen years of apparently acrimonious litigation, stating that the order below wisely "end[ed] a litigation war, then in its fourteenth year, with a dismissal without prejudice even though a lawyer, already found to have made an unconscionable claim against his former client, was thereby foreclosed from continuing the war with a malicious prosecution suit." *Camilli*, 436 F.3d at 124.  Here, there is no finding that Mr. Mirvis has filed any unconscionable claims against any party and there has been no "litigation war" between Plaintiffs and Defendants other than the initiation of this suit in the first place.

5

Significantly, and unlike the defendant in *Camilli*, there has been no findings of impropriety against Mr. Mirvis regarding his conduct in this matter.

The *Selas* decision, however, is on all fours. The *Selas* plaintiffs sued the defendants for libel, settled with one, and then moved to dismiss without prejudice against the remaining defendant. *Selas*, 57 F.R.D. 3. The *Selas* plaintiff claimed to seek a dismissal without prejudice because it had received the relief it sought in the suit when it settled with the other defendants and that it ought therefore not be burdened with litigating against the remaining defendant. *Id*. at 5. The defendant opposed the motion because it wished to develop a claim for malicious prosecution against the plaintiff, requesting that the motion be denied be denied or, in the alternative, that the case be dismissed with prejudice.   *Id*. The court considered the remaining defendant to be "peripheral" to the plaintiff's case, as evidenced by the fact that virtually all the defendant's costs and expenses were tied to a failed counterclaim rather than plaintiff's motion or discovery practice. *Id*. at 6. The Selas court found that "a dismissal without prejudice, by effectively precluding [the remaining defendant] from maintaining an action for malicious prosecution, would result in . . . prejudice and injustice to the defendant." *Id*. at 6. The court reasoned that dismissing the case would put the defendant in a bind because a party may not sustain a claim for malicious prosecution without a final adjudication on the merits and a dismissal without prejudice does not constitute a final adjudication on the merits. *Id*.

The principles articulated by the *Selas* court apply to Plaintiffs' motion. Here, Mirvis is also a peripheral defendant insofar as Plaintiffs have requested little discovery from Mr. Mirvis, only serving a single set of discovery demands on him in 2019 and subsequently pursuing no additional discovery or motion practice against Mr. Mirvis before the instant motion. Although Plaintiffs' actions demonstrate they consider Mr. Mirvis as peripheral, he was nonetheless forced

6

to expend time and resources on participating in discovery, including reviewing hundreds of thousands of pages of documents produced by third parties in response to Plaintiffs' subpoenas. Furthermore, as in the *Selas* case, Plaintiffs have sought to dismiss the case against Mr. Mirvis because it is no longer convenient for them to go forward based on their settlements with the other Defendants. Mr. Mirvis's position in this matter is much more like that of the *Selas* defendant than of the *Camilli* Defendant.

Mr. Mirvis would be prejudiced should the case be dismissed without prejudice absent the deposition of Plaintiffs. Mr. Mirvis has sought the deposition of Plaintiffs since 2019 and has consistently held the position that he would await the completion of third-party discovery to complete both the deposition of Plaintiff and his own deposition by Plaintiff. Mr. Mirvis agreed to this arrangement to avoid duplicative depositions of Plaintiffs or Mr. Mirvis based on third-party materials produced after early party depositions. The deposition of Plaintiffs' witnesses is necessary to determine whether Mr. Mirvis has a malicious prosecution claim to bring against Plaintiffs. Mr. Mirvis must be able to examine Plaintiffs' witnesses to determine to what extent Plaintiffs for initiating the instant suit against Mr. Mirvis as a tactic to pressure Mr. Mirvis into settling the judgment against him in the Prior Suit.

In addition, although Mr. Mirvis had been hopeful of reaching a settlement in 2020, as reflected in Judge Reyes's report and recommendations on page 6, the subsequent year of settlement negotiations without any progress made it clear that Plaintiffs may have brought this case against him to pressure him into settling the Prior Case.

Should this case be dismissed without prejudice prior to a deposition of Plaintiffs, Mr. Mirvis would be unable to file a malicious prosecution claim against Plaintiffs and would be missing critical information about Plaintiffs' reasons for filing this case against Mr. Mirvis and

would therefore suffer clear legal prejudice. Plaintiffs' motion to dismiss without prejudice should

therefore be denied.


### III. The *Zagano* Factors Weigh Against Dismissal

The *Zagano* factors weigh against dismissal because Plaintiffs were not diligent in bringing

their motion to dismiss, Plaintiffs have not adequately explained their reasons for seeking dismissal,

this action progressed to the close of fact discovery, the cost of relitigation is potentially high, and

Plaintiffs were vexatious in bringing the suit in the first instance.

### A.   Plaintiffs Were Not Diligent in Bringing the Motion

The Report and Recommendations states that the best measure for diligence in bringing a

Rule 41(a)(2) motion is that it is brought "within a reasonable period after an event that led to its

decision not to pursue the action." ECF No. 138 at 7. Although the Plaintiffs brought the motion

after a failed settlement conference, it does not appear that the settlement conference itself is the

reason plaintiffs seek to dismiss the case. Rather, as acknowledged by Judge Reyes, Plaintiffs'

actual reasons for dismissal is that Plaintiffs had settled with the other defendants and Plaintiffs

recognize that the judgment in the other case, which they have been unable to collect despite years

of post-judgment discovery and motion practice, is far larger than any amount at stake in this

matter. *Id*. at 13. As set forth in the papers below, nothing new occurred at the settlement

conference with the Court, as the parties' positions had remained unchanged for months prior to

the conference. ECF No. 136-1 ¶10. The size of the money judgment in the Prior Case was always

much larger than any amounts they could recover from Mr. Mirvis in this action. Furthermore,

were the claims against him dismissed with prejudice or never filed in the first place, Plaintiffs

would still be allowed to seek discovery from Mr. Mirvis as a non-party via subpoena. *See* Federal

Rule of Civil Procedure 45. Indeed, Plaintiffs were already in contact with Mirvis and were aware of how to serve process on him by virtue of the collection proceedings on the judgment in the Prior Case; Plaintiffs clearly know where Mr. Mirvis resides because they attempted to seize Mr. Mirvis's family home to satisfy the judgment in the Prior Case. *See, e.g., Deerbrook Ins. Co. v. Mirvis*, No. 20-1385, 2021 U.S. App. LEXIS 28299 (2d Cir. Sep. 20, 2021).

Plaintiffs have not articulated what, if anything, they hoped to gain from Mr. Mirvis in this suit other than the damages set forth in the Complaint, which Plaintiffs always knew he could not satisfy based on Plaintiffs' exhaustive post-judgment discovery in the Prior Case. The settlement conference held over Mr. Mirvis's objections is not a logical measure of Plaintiffs' diligence because it was not an event that meaningfully changed the circumstances of the case. Similarly, the settlement with co-Defendants also did not contribute to Plaintiffs' stated reasons for seeking dismissal without prejudice now because Mr. Mirvis's inability to pay any judgment in this matter has not changed since before this matter was filed.  In addition, had the suit been dismissed earlier or never filed against Mr. Mirvis, Mr. Mirvis would have been available for discovery in this matter. Plaintiffs arguments that they have been diligent in bringing this case to an efficient conclusion are severely undercut by the fact they have always known Mr. Mirvis could not pay an eventual judgment and that the chief disputes between Mr. Mirvis and Plaintiffs regard the judgment in the Prior Case. Plaintiffs thus cannot satisfy the *Zagano* diligence factor.

B.  Plaintiffs Have Been Unduly Vexatious

As set forth above, Plaintiffs appear to have brought this case against Mr. Mirvis to pressure him into reaching a settlement in the Prior Case because Mr. Mirvis is unable to pay the $45 million judgment. Plaintiffs have also sought to delay producing a witness to Mr. Mirvis's deposition requests for over a year before suddenly deciding to discontinue this case against Mr.

Mirvis. Plaintiffs have known prior to filing this suit that they even were they to prevail at trial, they would never be able to collect any judgment in this suit and the judgment in the Prior Case against Mr. Mirvis because he simply does not have the ability to pay. Plaintiffs nonetheless continued to prosecute this case against Mr. Mirvis despite their belief that he does not have the money to satisfy any new judgment against him. This alone suggests a vexatious motive on their part and to grant a dismissal without prejudice leaves Plaintiffs free to keep pressuring Mr. Mirvis with potentially refiling this matter should he not acquiesce to their demands in the Prior Case. Plaintiffs would be free to apply this pressure while escaping any obligation to provide discovery to Mr. Mirvis or to provide witnesses for party depositions, which might expose the reasons Plaintiffs had for filing a federal lawsuit against a Defendant they knew could never pay a settlement or judgment. The second *Zagano* factor thus weighs against dismissal without prejudice.

C.  This Suit Has Extended to The Close of Fact Discovery

This suit progressed for three years before Plaintiffs moved to dismiss. Although other courts have dismissed cases in which neither litigant has engaged in meaningful discovery, such is not the case here. *See, e.g., Jeungsando of Am., Inc. v. Jeung San Cham Shin Ahng*, 2018 U.S. Dist. LEXIS 207166, at *13 (E.D.N.Y. Dec. 6, 2018) report and recommendation adopted, 2019 U.S. Dist. LEXIS 21905, at *2 (E.D.N.Y. Feb. 11, 2019) (finding that dismissal is warranted when only minor jurisdictional discovery had occurred). Here, Mr. Mirvis sought discovery from Plaintiffs, including all the documents Plaintiffs received from third parties, amounting to over 300,000 pages, as admitted by Plaintiffs. ECF No. 135-2 ¶15. Mr. Mirvis also sought depositions from Plaintiffs, which the parties agreed to delay until third-party discovery could be completed. 136-1. ¶9.

Plaintiffs' reliance on a single invoice from 2020 to represent the sum of the work Mr. Mirvis and his attorneys have put into this case is misplaced because the invoice only reflects the work for which the firm billed Mr. Mirvis. Mr. Mirvis's attorneys have spent significant additional time working on this matter for which they did not bill Mr. Mirvis. *Id*. ¶12. In any event, the invoice Plaintiffs obtained through third-party discovery in the Prior Case while this case was pending is merely a distraction.

Even if the Court were to find that Mr. Mirvis participated in limited discovery compared to other litigants, that fact cuts against Plaintiffs because it is evidence that Plaintiffs were not seriously pursuing this matter as to Mr. Mirvis, which suggests that Mr. Mirvis's inclusion in this case might be to put pressure on him to settle the Prior Case without forcing him to spend money that he might otherwise have to settle on defending this case. This suggests that Plaintiffs expected Mr. Mirvis to either appear *pro se*, as he has in the Prior Case, or to not appear at all. Nonetheless, Mr. Mirvis has spent significant resources participating in this matter since its inception. Plaintiffs have thus failed to satisfy the third *Zagano* factor.

D.  The Cost of Relitigation Would be High

Relitigating the claims against Mr. Mirvis would likely be high because of the age of the claims. Plaintiffs' allegations against Mr. Mirvis date back to 2009, when Plaintiffs allege he participated in the fraudulent incorporation of co-Defendant Performance Plus Medical, P.C. Compl. ¶91. Any deposition Mr. Mirvis would take of Plaintiffs' proffered witnesses would necessarily require knowledge of facts dating back more than a decade, as would any subsequent discovery, should the depositions of Plaintiffs' witnesses yield additional lines of inquiry. Furthermore, any additional third-party discovery the parties might seek would be subject to the

11

same dangers should Plaintiffs file their claims against Mr. Mirvis again. The fourth *Zagano* factor

therefore weighs against dismissal without prejudice.

      E.  <u>Plaintiffs' Reasons for Dismissal Are Inadequate and Contradictory</u>

Plaintiffs' purported reason for seeking dismissal is that it is no longer in their economic

interests to pursue this case. ECF No. 135-1 at 18. Plaintiffs cite to the judgment in the Prior Case

and their belief that Mr. Mirvis could not pay a judgment in both. *Id*. Plaintiffs' reasoning makes

little sense because Plaintiffs had already secured the judgment in the Prior Case for $45 million

before bringing this suit against Mr. Mirvis. Plaintiffs seek a seek at most $2,091,000 in trebled

RICO damages against Mr. Mirvis, assuming he were solely responsible for all the damages

asserted against him and co-Defendants jointly and severally. 136-1 ¶13. Plaintiffs never explain

why it may have been in their economic interest to pursue this case against Mr. Mirvis at one time

or what changed to make pursuit of this suit against Mr. Mirvis no longer economically viable

when they knew from the outset Mr. Mirvis would not be able to satisfy any judgment in this

matter. The fifth *Zagano* factor thus weighs against dismissal.


<u>CONCLUSION</u>

For the reasons stated above, this Court should modify the Report and Recommendations

by Judge Reyes and deny Plaintiffs' motion to dismiss without prejudice. In the alternative, should

the Court decide to dismiss the motion, it ought to do so with prejudice, along with any further

relief the Court determines is just and proper.


Dated:  Brooklyn, NY
April 12, 2022                                       By: Nicholas Bowers, Esq.
                                                      /s/

Nicholas Bowers, Esq.
Gary Tsirelman, Esq.
Gary Tsirelman, P.C.
*Attorneys for Mark Mirvis*
129 Livingston Street
2nd and 3rd Floors
Brooklyn, NY  11201
(718) 438-1200

13