UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ALLSTATE INSURANCE COMPANY,
et al.,

              Plaintiffs,            **MEMORANDUM AND ORDER**
                                          Case No. 18-CV-5650-FB-RER

  -against-

SVETLANA KHOTENOK, et al.,

              Defendants.
----------------------------------------------------x

**BLOCK, Senior District Judge:**

      Allstate moves to voluntary dismiss without prejudice its claims against Mark Mirvis pursuant to Federal Rule of Civil Procedure 41(a)(2). Magistrate Judge Reyes has recommended granting the motion. Mirvis objects, thereby triggering the Court's de novo review. *See* 28 U.S.C. § 636(b)(1). For the following reasons, his objections are overruled.

I

      The background of this case is aptly summarized in Magistrate Judge Reyes's Report and Recommendation ("R&R"). In brief, Allstate alleged that more than a dozen defendants participated in a fraudulent billing scheme. By the middle of 2020, it had settled with or obtained defaults against all the defendants except Mirvis, who took the position that Allstate had named him as a defendant to pressure

1

him to satisfy a $45 million default judgment in an unrelated case. Despite his insistence that discovery would uncover support for his theory, Mirvis never asserted any counterclaims against Allstate.

Finally, three days after another unsuccessful settlement conference, Allstate moved to voluntarily dismiss without prejudice because, it argued, it no longer made economic sense to pursue its claims against a single defendant who will likely be unable to satisfy a judgment against him.

## II

The R&R correctly cites the governing law for voluntary dismissals without prejudice. One line of cases holds "that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (internal quotation marks omitted). Another line considers a broader range of factors, including "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id.* (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). Mirvis argues that Magistrate Judge Reyes misapplied both lines of cases.

2

A.  **"Plain Legal Prejudice"**

Mirvis argues that a dismissal without prejudice will adversely affect his ability to bring a malicious prosecution action (which would require a final adjudication in his favor in this case). That does not constitute prejudice:

> When the Supreme Court identified "plain legal prejudice" to a defendant as a circumstance that would defeat dismissal of a plaintiff's suit without prejudice, it was not thinking about a defendant's lost opportunity to retaliate against a plaintiff by suing for malicious prosecution. The Court was concerned about the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed.

*Camilli*, 436 F.3d at 124. To the extent Mirvis is referring to some unspecified counterclaim in this case, he has failed to assert it and failed to provide any support for it.

B.  *Zagano* **Factors**

Magistrate Judge Reyes carefully went through the *Zagano* factors, finding that each weighed in favor of dismissal without prejudice.

Mirvis objects to each finding. The Court need only briefly summarize its reasons for agreeing with Magistrate Judge Reyes in all respects:

- Allstate promptly moved to dismiss after concluding that a settlement with Mirvis was unlikely.

- Allstate had a good-faith basis for naming Mirvis as a defendant.

- Although the parties engaged in discovery, it is still not complete and

3

   no trial date has been set.

- Work already done on the case could be reused if Allstate brings another lawsuit, which is unlikely in any event.

- Allstate's decision to discontinue this case instead of pursuing it to complete against a likely judgment-proof defendant is entirely reasonable.

### III

Having reviewed the R&R de novo, the Court adopts it in full and overrules Mirvis's objections. Accordingly, Allstate's claims against Mirvis are dismissed without prejudice.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 13, 2022